**STATE OF KANSAS, Plaintiff,**

v.

**Mark A. CALL, Defendant.**

**No. 90–1585–K.**

United States District Court, D. Kansas.

March 19, 1991.

---

Lee Thompson, U.S. Atty., and Kim I. Martin, Asst. U.S. Atty., Wichita, Kan., for Otto Privette and Robert Benton.

Daniel E. Monnat, Wichita, Kan., for defendant Mark A. Call.

Timothy J. Henry, Wichita, Kan.

Richard Seaton, Wichita, Kan.

William L. Fry, Wichita, Kan.

Deborah Wilkinson, Asst. Dist. Atty., Wichita, Kan.

Curt May, Sedgwick County Public Defender's Office, Wichita, Kan.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

DEA Agents Otto Privette and Robert Benton have removed the contempt action against them to this court, seeking an end to the proceedings to show cause which were undertaken against them in state criminal proceedings. Agents Privette and Benton had been subpoenaed as expert witnesses by the defendants in a state criminal prosecution. Neither Privette nor Benton had any direct knowledge of the criminal investigation or prosecution of the state defendants. They were instead subpoenaed as general experts on the value and condition of local marijuana supplies.

Privette and Benton refused to supply the testimony or evidence required in the subpoena. The United States appeared in the state criminal action seeking to quash the subpoena. The request was denied and the agents were cited for contempt. The United States filed its notice of removal with the state court on December 19, 1990.

The court has twice heard argument in the removed action. On January 23, 1991, the court heard arguments relating to the propriety of the procedure used by the United States in removing the action. State defendant Mark Call raised several arguments, asserting that removal was improper since the government had filed a "Notice of Removal" instead of the "Petition for Removal" specified under 28 U.S.C. § 1446(d), and that the notice failed to contain the required statement of grounds for removal and lacked subject matter jurisdiction. At the conclusion of the January 23 hearing, the court denied the procedural challenges to removal, and reserved the matter for consideration of the substantive merits of the government's motion to quash the subpoena.

As indicated at the hearing, the procedural arguments advanced herein are without merit. The distinction between a "petition" for removal and a "notice" in 28 U.S.C. § 1446 is the obvious remnant of an unrelated amendment of the statute and is wholly irrelevant to the present proceedings. The notice filed by the government clearly sets forth the factual and legal basis for the removal of the action, and the jurisdiction of the court is established beyond any reasonable dispute.

The court again took up the case on March 8, when it heard arguments relating to the merits of the government's motion to quash. The subpoenas against Privette and Benton will be quashed and the order to show cause vacated.

In terms of the responses to the government's motions, counsel for state defendant Call repeats an argument made earlier with regard to the procedural validity of the removal of the case to this court: that there has been no proof that any of Privette or Benton's superiors ordered them not to appear and testify. The argument attempts to place the burden of demonstrating the grounds for nonproduction,

and the authorization for nonproduction, on the shoulders of the government.

The defendant contends that the government could not validly refuse to produce the information sought in the subpoena, since the information and testimony sought does not fall within the scope of 28 C.F.R. § 12.24(d), as information "collected, assembled, or prepared in connection with litigation or an investigation." Here, however, the information is generalized background information, entirely unrelated to the specific charges against the state defendants. Because of the very nature of the Department of Justice and its associated agencies, all information acquired by the department may be tangentially useful in legal proceedings. Here, however, it is clear that the information sought in the subpoena is general knowledge unrelated to any specific investigation, and thus its disclosure is subject to appropriate denial under 28 C.F.R. § 16.24(d)(2).

The state defendants also raise several additional arguments. They argue, for example, that Kansas has a recognized statutory subpoena power, and cite several cases relating to executive privilege. Of course, there is no question that Kansas has a valid subpoena power, but the question here is whether that power can be exercised in a manner in conflict with the supremacy clause of the Constitution. Similarly, the cases relating to executive privilege are not on point. This is not a dispute between the respective powers and privileges of coequal branches of government, such as the Congress and the President. It is instead an attempt by the State of Kansas to compel federal officers to offer testimony in a state criminal proceeding in which they were not participants and have no direct knowledge.

Defendant Waggoner's brief also cites the Supreme Court's decision in *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). In *Ake*, the Court held that when an indigent criminal defendant demonstrates to the trial judge that his sanity is a significant factor in his defense of the charges against him, the state must assure the defendant access to competent psychiatric investigation to assist the defense. *Ake* imposed this obligation to assist the indigent criminal defendant on the states,[1] and is not implicated here. The case does not suggest that the states, to fulfill their obligations to indigent criminal defendants, may subpoena federal officers who have no direct knowledge of, nor any participation in, the charges against those defendants.

The two-point position set out by the government in its motion to quash remains valid. The state is without jurisdiction to independently compel the testimony of federal agents under the principles recognized in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).[2] Moreover, the information sought by the defendants in the present case does not fall within the scope of disclosure voluntarily created by the federal government and recognized in 28 C.F.R. §§ 16.26(b), (c). Compulsory process is neither warranted nor compelled here, where the agents are merely sought for their general expertise, and not for any specific, direct knowledge of the case against the defendants. The defendants, if they are indigent, may have the right to request that the State of Kansas provide such expert testimony; they do not have the right to expect free expert testimony from the federal government.

IT IS ACCORDINGLY ORDERED this 19 day of March, 1991, that the government's motion to quash subpoena and to vacate order to show cause (Dkt. No. 13) is hereby granted.

---

1. The Court stated that their concern was "that the indigent defendant have access to a competent psychiatrist for the purpose we have discussed, and as in the case of the provisions of counsel we leave to the States the decision on how to implement this right." 470 U.S. at 83, 105 S.Ct. at 1096.

2. And, among the many other cases following the principles underlying *Touhy*, Kansas itself in *State v. Nippert*, 74 Kan. 371, 86 P. 478 (1906).