Dawna DENT, Plaintiff,

v.

**PACKERLAND PACKING COMPANY, INC., Defendant.**

No. 4:CV92–3175.

United States District Court,
D. Nebraska.

July 8, 1992.

Kenneth L. Cobb, Cobb, Hallinan Law Firm, Lincoln, Neb., for plaintiff.

Brian D. Nolan, Hansen, Engles Law Firm, Omaha, Neb., for defendant.

Susan L. Knight, U.S. Atty., Lincoln, Neb., for interested party.

### MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

The United States, in behalf of certain employees of the United States Department of Agriculture, seeks to remove from the District Court of Scotts Bluff County, Nebraska proceedings initiated to compel the employees to provide depositional testimony. The parties were given leave to file evidence and submit written argument as to the whether this court has jurisdiction to

remove the proceedings under 28 U.S.C. § 1442(a)(1), and if so, the merits of the employees' position. For the reasons below, I conclude that the proceedings should be removed but that plaintiff is nonetheless entitled to take the employees' depositions.

## I.

### BACKGROUND AND FACTUAL FINDINGS

Plaintiff filed a civil suit in the Nebraska state courts. She claims that during the course of performing her duties as a federal food safety inspector with the Meat and Poultry Inspection Program, Food Safety Inspection Service, United States Department of Agriculture (USDA) she was injured when hit by an ox tail negligently thrown by an employee in the defendant's packing plant. Neither the federal government nor any federal employee is a party to that action.[1]

During the course of discovery, plaintiff sought to gain information about the practice of throwing meat products in the defendant's packing plant from Dr. William Tilgner, Dr. Charles Gonyo, Dr. Don Carlson, Dr. William Wilson, Dana Cox, John Darling, Lyle Shirley, and Virgil Hutchingson, all inspectors or other employees of the USDA. Accordingly, plaintiff scheduled depositions and had subpoenas issued.

The USDA employees may have witnessed persons in the packing plant throwing meat products into or towards what has been referred to as the "gut buggy." Plaintiff was injured when inspecting items inside the gut buggy. One of the USDA employees may testify about an injury received in the packing plant which, like plaintiff's injury, was caused by thrown meat product. There is also a likelihood that one or more of the USDA employees may have complained about the challenged practice to persons at the packing plant. Any fact testimony the USDA employees would provide as to that practice stem from observations made and information gathered while acting within the scope and course of their employment.

Before USDA employees can testify in a judicial proceeding, they must secure appropriate authorization under 7 CFR Part 1, Subpart K (1992). Section 1.212 provides: "No USDA employee may provide testimony or produce documents in a judicial or administrative proceeding unless authorized...." In this instance, § 1.214(b)(1) dictates who can give authorization for each of the employees except perhaps Doctors Gonyo and Wilson:

> (b)(1) An employee of USDA served with a valid summons, subpoena, or other compulsory process, or requested to appear as a witness on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is not a party, may appear only if such appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel, based upon a determination that such an appearance is in the interest of USDA.

Assuming that Doctors Gonyo and Wilson were not served subpoenas as they state in their affidavits, filings 8 and 9—which contradicts the written findings of the state court in the order to compel—then the provisions of § 1.214(b)(2) require them to obtain authorization from the head of their USDA agency, and approval by the appropriate Assistant Secretary, Under Secretary or other general officer, and by the General Counsel.

The decision of whether to authorize an employee to testify is based on § 1.214(e)(1) and (2) which provide:

> (e)(1) In determining whether the employee's appearance is in the interest of the USDA, authorizing officials should consider the following:
>
> (i) what interest of USDA would be promoted by the employee's testimony;

---

1. The USDA was originally a defendant in this suit. This was so because the department made employee-compensation payments to plaintiff following her injuries. The USDA was subsequently dismissed as a party after the department and the plaintiff jointly agreed to pursue any subrogation interest relating to the compensation payments through the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq.* (1991).

(ii) whether an appearance would result in an unnecessary interference with the duties of the USDA employee;

(iii) whether an employee's testimony would result in the appearance of improperly favoring one litigant over another.

(2) The considerations listed in paragraph (e)(1) of this section are illustrative and not exhaustive.

An employee of the USDA who testifies without proper authorization is subject to the provisions of § 1.218 which states, "An employee who testifies or produces records in a judicial or administrative proceeding in violation of the provisions of this regulation shall be subject to disciplinary action." In this case the USDA employees were not granted authorization to provide the requested depositional testimony.

Although the United States contends otherwise, I conclude after weighing the evidence, that authorization to testify was not granted for only one reason: that plaintiff filed a discrimination suit against the USDA in this court. *See Dent v. Madigan*, 7:CV91–5017. The evidence I rely upon in reaching this conclusion is the affidavit of the general counsel. In that affidavit, the general counsel in paragraphs five through eight states that the concern of the federal government lies with the fact that plaintiff filed suit against it in 7:CV91–5017 and that during the deposition of the USDA employees the government would be unable to cross-examine the witnesses about any facts relating to the discrimination suit. The general counsel further stated that the government was not concerned with the witnesses providing testimony otherwise and that it would permit the employees to answer written questions or give affidavit evidence. Filing 7.

The United States filed motions in the state court to quash the subpoenas of all the employees except Dr. Wilson. Before a ruling was made by the state court, the government attempted to remove the motions to this court. *See* 4:CV92–3097

through 3103. I remanded these matters back to the state court in part because of an insufficient showing by the government that the stage of the discovery proceedings involving the USDA employees rose to the level of an "action" as contemplated under the removal statutes. *Id.* at filings 3.

On remand, the state court overruled the motions to quash and issued an order to compel the employees, including Dr. Wilson, to appear and testify. After the order to compel was issued, the government again sought to remove to this court the discovery matters involving the USDA employees. As noted, I then granted the parties leave to file evidence and submit written argument in support of their respective positions. The parties have done this. In addition, plaintiff filed her objections to the request for removal together with a motion to have the proceedings remanded back to the state court. Filing 5. The federal government also filed a motion to dismiss or, in the alternative, for summary judgment. Filing 8.[2]

## II.

### DISCUSSION

Title 28 U.S.C. § 1442(a)(1) provides in relevant part as follows:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

Where federal officials raise a defense arising from their official duties, the case is removable removed pursuant to § 1442(a)(1). *Mesa v. California*, 489 U.S. 121, 131–32, 109 S.Ct. 959, 966, 103 L.Ed.2d 99 (1989); *Arizona v. Manypenny*, 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68

---

**2.** Because this court cannot enter summary judgment in or dismiss the pending state court action, I construe the government's motion as one seeking to vacate the state court's order, and I therefore address it as within the "additional duties" provision of 28 U.S.C. § 636(b)(3).

L.Ed.2d 58 (1981). This serves the purpose of ensuring a federal forum to federal employees who must answer for conduct arising from their official duties. *State of Florida v. Cohen*, 887 F.2d 1451, 1453 (11th Cir.1989); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934 (E.D.N.Y.1992); *Reynolds Metals Co. v. Crowther*, 572 F.Supp. 288 (D.Mass.1982). In order to remove an action under § 1442(a)(1), two prerequisites must be met: first, the case must be against a federal actor for conduct under color of his or her office; and second, the actor must raise a colorable federal defense. *See Mesa v. California*, 489 U.S. at 133–34, 109 S.Ct. at 967; *Willingham v. Morgan*, 395 U.S. 402, 405, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969); *State of Florida v. Cohen*, 887 F.2d at 1453–54.

▮ The first pre-requisite has two parts. The underlying proceeding must (i) be against a federal actor and (ii) involve conduct performed under color of such office. As to the first part, plaintiff in her objection asserts that no federal actors are defendants in the state court action and that removal therefore would be improper. The law, however, is well established that federal employees who are not named defendants may remove ancillary state court proceedings wherein the state court through its contempt powers orders employees to comply with discovery requests. *See e.g. State of Florida v. Cohen, supra; Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986); *State of Kansas v. Call*, 760 F.Supp. 190 (D.Kan.1991), *aff'd*, 961 F.2d 220 (10th Cir.1992); *Sharon Lease Oil Co. v. F.E.R.C.*, 691 F.Supp. 381 (D.D.C.1988). Although no contempt order was entered in the state court here, the employees were ordered to testify, and it is clear that their failure to comply with the state court's order could result in contempt sanctions; this is sufficient to make these employees "defendants" in the ancillary discovery matter, and thus trigger § 1442(a)(1). *Swett v. Schenk, supra.*

Plaintiff next argues that the challenged conduct of the USDA employees was not performed under the color of their office. This contention is also without merit. In *Swett v. Schenk*, the Court of Appeals held that the conduct of refusing to provide testimony pursuant to agency regulations which place limitations on the giving of testimony in private litigation is sufficient to meet the "color of office" test under § 1442(a)(1). 792 F.2d at 1450. *See also Ryan v. Dow Chemical Co.*, 781 F.Supp. at 945–46 ("color of office" test is satisfied where conduct is made pursuant to federal directives). Not only was the decision not to testify made under color of office, the fact testimony which the employees are to provide is based on observations made and other action taken during the course of performing official duties.

The United States Supreme Court has specifically recognized the authority of administrators of federal agencies to restrict subordinates from participating in judicial proceedings, and that the subordinates cannot be held in contempt for failing to comply with a validly promulgated regulation implementing those restrictions. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). *See also Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir.1991); *Boron Oil Co. v. Downie*, 873 F.2d 67, 73 (4th Cir.1989) ("an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations.").

Plaintiff objected to the USDA regulations on due process and equal protection grounds, filing 5; but the lack of supportive argument requires this objection to be rejected, as not established. *See* Local Rule 20. The regulations promulgated under 5 U.S.C. § 301 and codified as 7 CFR Part 1, Subpart K (1992), are presumed valid. There being no question that the employees have refused to testify pursuant to these regulations, I conclude they have raised a colorable federal defense.

Both prerequisites have been satisfied; hence removal is appropriate, and this court has jurisdiction to consider the merits of the underlying discovery dispute, and to vacate the order entered by the state court.

See Boron Oil Co. v. Downie, supra; Swett v. Schenk, 792 F.2d at 1451–52; State of Kansas v. Call, 760 F.Supp. at 192.

■ Although narrow in scope, this court has authority to review the exercise of discretion on the part of USDA officials to not allow the employees to provide the requested depositional testimony. See Moore v. Armour Pharmaceutical Co.; Davis Enterprises v. U.S. E.P.A., 877 F.2d 1181 (3rd Cir.1989), cert. denied, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990). Pursuant to 5 U.S.C. § 706(2)(A) this court can overturn the refusal to authorize the employees to testify if the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Under this standard of review, this court may not substitute its views for those of the agency, but must determine whether

> the agency [has] articulate[d] a satisfactory explanation for its action including a "rational connection between the facts found and the choice made." In reviewing that explanation, we must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."

Western Nebraska Resources Council v. U.S. E.P.A., 943 F.2d 867 (8th Cir.1991) (citation omitted).

■ The regulations limiting the participation of USDA employee testimony in judicial proceedings can and do serve important interests such as preventing both an unnecessary interference with an employee's duties and the creation of an appearance of favoring one litigant over another. If the decision to not allow the employees to testify had been grounded upon either of these interests, I would defer to the decision of the agency officials. However, the decision in this instance does not serve these or any other well-recognized interest. The general counsel stated that the employees are free to provide their observations and information through other means; employee time and the appearance of partiality were therefore not concerns in this instance. The general counsel is merely displeased with the plaintiff's chosen means of discovery (depositions) because of the existence of another lawsuit filed by the plaintiff against the agency.

While the concern about the lack of the federal government's ability to cross-examine witnesses who may make statements affecting the other case is not irrational, the response of prohibiting depositional testimony entirely greatly exceeds what is necessary to protect the government's limited concern.

"The Federal Rules of Civil Procedure ... strongly favor full discovery whenever possible." Moore v. Armour Pharmaceutical Co., supra (citing Fed.R.Civ.P. 26(b)(1)). It must also be remembered, as Circuit Judge Weis instructed in his dissent in Davis Enterprises v. U.S. E.P.A., the fundamental maxim that "the public has a right to every man's evidence," must be considered when reviewing a decision not to permit someone to testify. 877 F.2d at 1189–91. Considering the standard of review in light of the importance of the testimony sought, the need for meaningful discovery, and the overreaction on the part of the government to a concern over a problem which appears to have no likelihood of ever coming to fruition, I conclude that the decision not to allow the USDA employees to provide depositional testimony was arbitrary, capricious and an abuse of discretion.

IT THEREFORE HEREBY IS ORDERED:

(1) This case is properly removed to this court pursuant to 28 U.S.C. § 1442(a)(1).

(2) The motion of the United States, filing 8, to dismiss the order to compel issued by the District Court for Scotts Bluff County, Nebraska is construed as a motion to vacate, and so construed, is granted. Said order to compel is vacated.

(3) Plaintiff is permitted to take the depositions of the employees of the United States Department of Agriculture in whose behalf the United States has filed this removal action. Said depositions are to be taken for the purposes of trial at a time and place which does not interfere with the employees' hours of employment and shall not encompass any matter at issue in Dent v. Madigan, 7:CV91–5017. An attorney for

the United States is permitted to attend the depositions in order to represent the employees, in order to assure that the scope of the questioning is restricted to the issues in this case. In the event there are objections concerning the applicability of this order to the scope of particular deposition questions, such matters may be brought to the attention of the undersigned by appropriate motion in accordance with Local Rule 20.

(4) In the absence of pending motions as described above, counsel shall file a statement in the court upon the completion of the depositions, whereupon this action shall be remanded to the District Court for Scotts Bluff County, Nebraska for all further proceedings.