Mindy ARMSTRONG, Plaintiff,

v.

The ARCANUM GROUP, INC., Defendant.

Civil Action No. 16–cv–01015–MSK–CBS

United States District Court, D. Colorado.

Signed 04/21/2017

Robert A. McGuire, III, Robert McGuire Law Firm, Lone Tree, CO, for Plaintiff.

Chanda Marie Feldkamp, William James Kelly, III, Kelly & Walker, LLC, Denver, CO, for Defendant.

## ORDER REGARDING BUREAU OF LAND MANAGEMENT'S MOTION TO QUASH SUBPOENA

Magistrate Judge Shaffer

This matter comes before the court on a Motion to Quash Subpoena (Doc. 24) filed on January 11, 2017, by the Bureau of Land Management ("BLM"). BLM received a subpoena by Plaintiff in relation to her work for Defendant The Arcanum Group, Inc. ("Arcanum"). Defendant contracted with BLM to provide support staff, including Plaintiff. Plaintiff filed a Response to BLM's Motion to Quash Subpoena on January 17, 2017 (Doc. 26). Pursuant to the Order of Reference dated July 29, 2016 (Doc. 16) and the memorandum dated January 11, 2017 (Doc. 25) this matter was referred to the Magistrate Judge. This court has carefully considered the motion and related briefing, the entire case file, and applicable law. For the following reasons, the court GRANTS the motion.

## BACKGROUND

Plaintiff, Mindy Armstrong, is a former employee of Defendant and alleges in her Complaint (Doc. 1 at 1–3) that she was wrongfully discharged in retaliation for engaging in protected conduct. Plaintiff alleges that Defendant, as a contractor to the Department of the Interior, assigned Plaintiff to work in BLM's Real Estate Leasing Services Department ("BLM RELS"). In Plaintiff's role as a federal contractor, she asserts that she "objected that a fellow [Arcanum] contractor (who was also [Plaintiff's] *de facto* on-site supervisor) was falsifying real property leasing records kept by the [BLM RELS]." Doc. 26 at 1. Plaintiff contends that she refused to "[participate] in the falsification of data," (Doc. 1 at 2), and following this accusation, the fellow Arcanum contractor "induced BLM RELS team lead Ms. Terry Baker ("Baker") to remove [Plaintiff] from the BLM RELS assignment, causing [Plaintiff's] termination by [Defendant]." Doc. 26 at 1. Thereafter, Plaintiff alleges that in an "internal email produced by BLM, Baker gave reasons for [Plaintiff's] removal that are patently retaliatory." *Id.* In an effort to obtain Baker's "deposition testimony about this email and about the circumstances surrounding Baker's abrupt decision to remove [Plaintiff] from BLM RELS", Plaintiff alleges that she "served BLM with a subpoena and a *Touhy* request for Baker's testimony." *Id.* at 2. BLM now seeks an Order from this court quashing the subpoena. *See* Doc. 24.

In its Motion to Quash Subpoena (Doc. 24 at 1–2), BLM argues that it carefully reviewed Plaintiff's request under its *Touhy* regulations and denied it, and therefore, the "[c]ourt should grant BLM's motion to quash because, under Tenth Circuit precedent, the [c]ourt should not enforce a subpoena when an agency, in applying its *Touhy* regulations, determines not to authorize the testimony." BLM further argues that "if Plaintiff disagrees with BLM's denial of her *Touhy* request, Tenth Circuit precedent requires her to file an independent action seeking review under the Administrative Procedure Act." *Id.* at 2. In Plaintiff's Response (Doc. 26 at 2), she argues that "this [c]ourt has the power to enforce its own subpoena issued to the BLM without need for [Plaintiff] to pursue

an ancillary appeal of BLM's denial of [Plaintiff's] *Touhy* request under the [APA]."

## ANALYSIS

### I. The court will not enforce a subpoena issued to a nonparty federal employee when the agency declines to authorize it under its *Touhy* regulations.

BLM asserts that its "*Touhy* regulations set forth the means by which private litigants may obtain non-public BLM documents or testimony," and that these regulations govern testimony by employees, as well as former employees. *See* Doc. 24 at 2; 43 C.F.R. § 2.280 *et seq.* BLM further contends that its *Touhy* regulations cover such employees in "[f]ederal court proceedings in which the United States is not a party concerning information acquired while performing official duties or because of an employee's official status." Doc. 24 at 2; 43 C.F.R. § 2.280(a)(3). BLM alleges that Plaintiff submitted a *Touhy* request for the testimony of Terry Baker ("Ms. Baker") in her official capacity as a former employee [1] of BLM, and that after careful review of each of the criteria under 43 C.F.R. § 2.288 [2], BLM denied Plaintiff's request. *Id.* at 3.

■ Under Tenth Circuit and District of Colorado precedent, the court should not enforce a subpoena when an agency, such as BLM, applies its *Touhy* regulations and instructs the subpoenaed federal employee not to testify. The United States Supreme Court, in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), reversed a contempt order entered by a federal district court against an FBI agent. The agent had defied a deposition subpoena in accordance with a Department of Justice regulation issued under the Federal Housekeeping Statute, 5 U.S.C. § 301, which authorizes agencies to adopt regulations regarding "the conduct of [their] employees ... and the custody, use, and preservation of [agency] records, papers, and property." The Court in *Touhy* held that the contempt citation was improper because the Department's regulation, which gave the Attorney General the power to decide whether to comply with a subpoena, was valid, and the agent was simply following the instructions of his superiors. The Court found it unnecessary "to consider the ultimate reach of the authority of the Attorney General to refuse to produce at a court's order the government papers in his possession." *Id.* at 467, 71 S.Ct. 416.

The Tenth Circuit has recognized the continuing validity of *Touhy* and has taken a more expansive approach in its interpretation. In *Saunders v. Great Western Sugar Company*, 396 F.2d 794 (10th Cir. 1968), the Tenth Circuit reviewed a "housekeeping" regulation promulgated by the Small Business Authority ("SBA"), which was similar in impact to the regulation at issue here. The case involved a motion to compel arising out of subpoenas issued to local officials of the SBA. The court held that where the SBA and its officials were not parties to the underlying suit and where the responsible agency authority, acting pursuant to its agency regulations, had not authorized the requested disclosure, the local officials could not be compelled to answer and the regulation was found to be valid. *Id.* The *Saunders*

---

1. Ms. Baker has since retired from BLM; however, *Touhy* regulations define an "employee" to include former employees such as Ms. Baker. 43 C.F.R. § 2.280(b).

2. Specifically, Defendant's Motion (*see* Doc. 24 at 2–4) set forth the criteria under 43 C.F.R. § 2.288(a) and (c), and Defendant analyzed each of the factors set forth in these subparts to determine whether to grant Plaintiff's *Touhy* request.

court recognized that requiring the litigants to proceed against the proper SBA official in the District of Columbia might be a hardship; nevertheless, it held that it was "bound by *Touhy.*" *Id.* at 795. In *United States Steel Corporation v. Mattingly*, 663 F.2d 68 (10th Cir. 1980), the Tenth Circuit reversed a district court's order compelling enforcement of a subpoena against an employee of the United States Bureau of Standards. The court explicitly stated that it based its reversal on *Touhy*, and held that it could not compel the agency employee to testify or produce documents in violation of agency *Touhy* regulations. *Id.*; *see also United States v. Allen*, 554 F.2d 398 (10th Cir. 1977) (finding DOJ's *Touhy* regulations valid); *State of Kansas v. Call*, 760 F.Supp. 190 (D. Kan. 1991), *aff'd*, 961 F.2d 220 (10th Cir 1992) (validly promulgated regulations have the force and effect of law).

Moreover, decisions within this district court here upheld similar regulations and quashed subpoenas seeking documents or testimony from federal agencies when the agency has refused to produce pursuant to its *Touhy* regulations. *See Haithcox v. GEO Group, Inc.*, No. 07-cv-00160-REB-MEH, 2008 WL 2487913, at *1-2 (D. Colo. June 16, 2008) (unpublished decision) (quashing a subpoena served on a DHS employee based on invalidity of service and application of the agency's *Touhy* regulations); *Quezada v. Mink*, No. 10-cv-00879-REB-KLM, 2010 WL 4537086, at *3-5 (D. Colo. Nov. 3, 2010) (collecting cases and concluding "this Circuit has interpreted *Touhy* to allow federal officials to limit subordinates' authority to produce documents or provide testimony pursuant to duly-enacted regulations.").

■ Plaintiff argues that BLM is incorrect to assert that "*Saunders, Mattingly, and Touhy* require that a federal subpoena

issued to a federal employee 'must be quashed when the federal employee has been instructed not to testify based on the agency's *Touhy* regulations." Doc. 26 at 4. While the court agrees in part with Plaintiff that the specific holding in *Touhy* is not as expansive as BLM frames it, the court nevertheless finds that the Tenth Circuit has taken a more expansive reading of *Touhy*. This court is bound to follow applicable precedent and, therefore, this court cannot compel Ms. Baker to obey the subpoenas contrary to BLM's instructions under its valid *Touhy* agency regulations. Accordingly, the subpoena must be quashed.[3]

## II. Plaintiff is required to file an independent action seeking review under the APA to address BLM's denial of her *Touhy* request.

BLM argues that "[i]f Plaintiff disagrees with BLM's denial of her *Touhy* request, Tenth Circuit precedent requires her to file an independent action seeking review under the [APA]." Doc. 24 at 1-2. The Plaintiff disagrees, and urges this court to follow the reasoning set out in Magistrate Judge Boland's opinion in *Ceroni v. 4Front Engineered Sols., Inc.*, 793 F.Supp.2d 1268, 1275 (D. Colo. 2011). *Ceroni* takes a contrary position to the Tenth Circuit, and would allow this court to enforce Plaintiff's subpoena without bringing a collateral action under the APA. *Id.*

■ The Tenth Circuit also addressed this issue in an unpublished decision. In *In re Gray*, 162 F.3d 1172 (Table), 1998 WL 712663, (10th Cir. 1998) the court declined to enforce the subpoena at issue and held that a party seeking official documents from a nonparty federal employee or agency despite the agency's decision not to authorize the production or testimony

---

3. Because of this conclusion, the court does not reach BLM's alternative basis for quashing the subpoena on sovereign immunity grounds.

must pursue other potential remedies such as filing "an action in federal court pursuant to the Administrative Procedure Act." *Id.* at *1. While the court acknowledges contrary decisions in this district, I find the Tenth Circuit's reasoning persuasive.[4] Magistrate Judge Boland's opinion in *Ceroni* is the most recent decision, the court is not bound to follow its holding. It is an outlier compared to the rest of the cases in this district, which are in accord with the Tenth Circuit's reasoning in *Gray*. *See, e.g., Colorado v. Rodarte*, No. 09-cv-02912-PAB-MEH, 2010 WL 924099, at *2 (D. Colo. Mar. 9, 2010) (holding that an APA action is among the potential remedies for a person dissatisfied with an agency's *Touhy* decision); *Quezada*, 2010 WL 4537086, at *5 (finding that, "[a]lthough both efficiency and economy are compromised by the requirement of a separate claim brought pursuant to the Administrative Procedure Act, that is what the law of this Circuit requires."). Accordingly, the court concludes that the appropriate procedure for Plaintiff to challenge BLM's decision under its *Touhy* regulations is to pursue an action under the Administrative Procedure Act.[5]

## CONCLUSION

For the foregoing reasons, BLM's Motion to Quash Subpoena is GRANTED.

---

4. The court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. *See* 10th Cir. R. 32.1(A).

5. In light of this conclusion, the court does not reach the parties' arguments regarding the standard of review to apply to BLM's *Touhy* decision.