**Alex ALEX, et al., Plaintiffs,**

**v.**

**JASPER WYMAN & SON and C & D Corporation, Defendants.**

Civ. No. 85–0196–B.

United States District Court,
D. Maine.

Dec. 19, 1986.

Robert N. Moore, Pine Tree Legal Assistance, Inc., Bangor, Me., for plaintiffs.

James N. Goggin, Verrill & Dana, Portland, Me., for defendants.

## MEMORANDUM

CYR, Chief Judge.

On June 10, 1985, plaintiffs, 42 agricultural workers, filed a complaint against two blueberry producing companies, claiming that the defendant companies had failed to comply with Department of Labor [Department] regulations regarding disclosure of wage rates under 29 U.S.C. § 1801 *et seq.* (Migrant and Seasonal Agricultural Worker Protection Act) [AWPA], and seeking damages, as well as injunctive and declaratory relief.

One of the defendants, Jasper Wyman and Son [Company], served deposition subpoenas on Alfred Butler, a Department employee, and on the Department, for testimony regarding the Company's intent to comply with the Act.[1] The Secretary of Labor [Secretary] ordered Mr. Butler not to testify and declined to designate another witness for deposition, but supplied the Company with various documents.

On November 8, 1985, the Secretary moved to quash the deposition subpoenas, maintaining that 5 U.S.C. § 301 and 29 C.F.R. 2.22[2] authorize the Secretary to prohibit Department personnel from testify-

---

1. Defendant seeks testimony regarding conversations between Mr. Butler and defendant's counsel, as well as testimony concerning Butler's review of the Wyman Employee Handbook, which defendant contends complied with the disclosure requirements of the AWPA. The Secretary contends that, in seeking this testimony, defendant is attempting to procure expert testimony. However, at least some of the proposed testimony concerns transactions between the defendant and Mr. Butler prior to the events which are the subject of this litigation.

2. Pursuant to 5 U.S.C. § 301, the so-called "housekeeping" statute, the Department promulgated a regulation, 29 C.F.R. 2.22, which provides that no employee of the Department shall produce any material or disclose any information without the express approval of the appropriate Deputy Solicitor of Labor. The regulation does not establish standards governing the approval decision of the Deputy Solicitor.

ing, citing *United States ex rel Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1961), and *Marcoux v. Mid-States Livestock,* 66 F.R.D. 573 (W.D.Mo.1975). The Secretary further argued that public policy considerations, such as the conservation of limited government resources,[3] support the Department's position, especially where, as here, the Government is not a party to the action.

The Company opposes the motion to quash on the ground that public policy and the language of 5 U.S.C. § 301 favor disclosure of information, and therefore that only the assertion of a valid privilege, such as those enumerated in the Freedom of Information Act [FOIA], 5 U.S.C. § 552, warrants refusal to disclose. The Company further argued that, in the event of a claim of privilege, section 301, read together with section 552, requires a balancing of factors including the public interest and the interest of the party seeking disclosure.

On the basis of *Touhy, supra,* and *Marcoux, supra,* the United States Magistrate held that the Department could rely on the regulations promulgated under section 301 to prohibit any particular employee from testifying, but that, absent a specific claim of privilege, the Department could not use section 301 to refuse to designate a substitute.

According to the Magistrate, the narrow issue to be decided was whether a nonparty government agency which has tendered selected documents may exempt itself from designating a substitute deponent to testify absent a specific claim of privilege. Noting that the First Circuit had declined to decide a similar question concerning the extent of government immunity, *see Giza v. Secretary of Health, Education and Welfare,* 628 F.2d 748, 752 (1st Cir.1980), the Magistrate held that the court should balance the various interests in deciding whether to compel deposition testimony by an agency official.

Citing two cases involving such a balancing of interests, *Community Federal Savings and Loan Association v. Federal Home Loan Bank Board,* 96 F.R.D. 619 (D.D.C.1983), and *American Broadcasting Companies v. United States Information Agency,* 599 F.Supp. 765 (D.D.C.1984),[4] the Magistrate noted that deposition testimony has been compelled where the desired testimony is crucial and otherwise unavailable.

The Magistrate concluded that the testimony of the Department employee, Butler, would be helpful but not essential evidence of Butler's discussions with defendant's counsel. In these circumstances and considering the government's legitimate interest in orderly governmental operations and the proper use of officials' time, the Magistrate held that "in the context of private litigation when the government is not a party, a court should not order testimony to be given by a government official or employee without the showing of a compelling interest." (Magistrate's Order, at 13.) Accordingly, the Magistrate granted the Secretary's motion and ordered that the two deposition subpoenas be quashed.

In their Objection to the Magistrate's Order, defendants argue that though a balancing of interests may limit the timing, scope or method of taking a deposition, it should not altogether prohibit the taking of a deposition. In his Reply to Defendants' Objection, the Secretary supports the Magistrate's order, but contends that he did not refuse to designate a deponent, since all parties understood that both subpoenas were directed solely at Mr. Butler.

The court now undertakes *de novo* review of those portions of the Magistrate's order to which timely objection has been made. 28 U.S.C. § 636(b).

---

**3.** The Secretary declares that more than 1,500 subpoenas are served each year on Department employees.

**4.** In *Community Federal Savings and Loan,* the court refused to compel the Federal Home Loan Bank Board to give deposition testimony. In *American Broadcasting Companies,* the court held that deposition testimony should be compelled. In both cases the agency was a party to the action.

## I.

Defendants "do not take issue with the Magistrate's conclusion that the Department ... may refuse to allow any particular employee to testify." (Defendants' Objection to Magistrate's Order, at 1.) Indeed, it is well established that a subordinate official "will not be compelled to testify and produce documents in private litigation" where an agency regulation prohibits such disclosure except upon the express permission of the agency head. *Marcoux v. Mid-States Livestock*, 66 F.R.D. 573, 578 (W.D.Mo.1975), *citing United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

This principle was upheld by the First Circuit with respect to regulations issued under the Freedom of Information Act, 5 U.S.C. § 552. *See Giza v. Secretary of Health, Education and Welfare*, 628 F.2d 748 (1980). The federal courts have applied this principle to the regulation involved in the present case, 29 C.F.R. 2.22, promulgated under 5 U.S.C. § 301. *See, e.g., Reynolds Metal Co. v. Crowther*, 572 F.Supp. 288 (D.Mass.1982).

The Secretary argues that the motion to quash should be decided entirely on the basis of this line of cases, because both deposition subpoenas were directed to a particular Department employee, Mr. Butler. Thus, according to the Secretary, there is no need for the court to determine the standards to be applied to determine whether a government agency should be compelled to designate a substitute deponent. The short answer to this contention is that the defendant continues to seek deposition testimony from the Department, even though he does not take issue with the Magistrate's conclusion that the Department may prohibit Mr. Butler from testifying. In the interest of avoiding further unnecessary delay, the court addresses the issue of whether the Department should be compelled to designate a substitute deponent in these circumstances.

## II.

The Secretary agrees with the Magistrate that "the Department may not use section 301 as authority for the Deputy Solicitor's perceived 'refusal' to designate someone to testify." (Secretary's Reply to Defendants' Objection, at 7.) Even in cases where the Government is not a party to the litigation, the courts have "established a trend ... away from merely ratifying" government claims of privilege, and have engaged in balancing "agency policies against disclosure with the legitimate demands of proper judicial administration." *Cooney v. Sun Shipbuilding and Drydock Co.*, 288 F.Supp. 708 (E.D.Pa.1968). *See also Moore-McCormack Lines, Inc. v. ITO Corp. of Baltimore*, 508 F.2d 945 (4th Cir. 1974).

Defendant seeks testimony concerning discussions held between defendant's counsel and Mr. Butler. As the Magistrate noted, however, the defendant's representatives would be competent to testify regarding these discussions. Thus, Mr. Butler's testimony would be cumulative. Although presumably it would aid defendant's case, it does not appear from the record that it would be essential. As a consequence, the defendant has not demonstrated a compelling need for this testimony. Even less has it demonstrated a need for deposition testimony from any other Department representative who might be substituted for Mr. Butler, since there is no allegation that any other Department representative was present at any such discussions.

The judicial discretion to preclude discovery in order "to protect a party or person from ... undue burden or expense" is conferred by Fed.R.Civ.P. 26(c)(1). Defendant stresses that "it is very unusual for a trial court to prohibit the taking of a deposition altogether, and absent extraordinary circumstances, such an order would likely be error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979). *See also* 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2037 n. 39.1 (1986 Supp.).

*Salter* did not implicate the important public policy favoring the conservation of

government resources and the protection of orderly governmental operations. The plaintiff in *Salter* sought to depose a party to the litigation, the corporate defendant's chief executive officer.[5] The Government is not a party to the present action.

Moreover, refusal to compel the Secretary to designate a substitute deponent would not result in a total preclusion of discovery. One of the ways in which a court may limit discovery is by prescribing "a method of discovery other than that selected by the party seeking discovery." Fed.R.Civ.P. 26(c)(3). The Secretary declares that the Department has provided the defendant with certified copies of all disclosable, relevant documents from its files. Assuming this to be true, the defendant has been allowed discovery by an alternate and less burdensome method.

Accordingly, the court ACCEPTS the Magistrate's order, and the motion of the Secretary of Labor to quash deposition subpoenas is GRANTED.

SO ORDERED.

---

**5.** *Salter* upheld a lower court protective order on the ground that plaintiff, at least initially, should depose other employees who had a greater knowledge of the facts.