**366**

**E.E.O.C.**

v.

**CITIZENS BANK AND TRUST CO. OF MARYLAND.**

Civ. No. S 85–4607.

United States District Court, D. Maryland.

Jan. 22, 1987.

On Motion to Modify Feb. 6, 1987.

Richard T. Sampson, Scott L. Sherman, Semmes, Bowen & Semmes, Washington, D.C., Stephen M. Silverstri, Semmes, Bowen & Semmes, Baltimore, Md., for defendant Citizens Bank and Trust Co. of Maryland.

Leroy T. Jenkins, Jr., Gerald D. Letwin, Ronald L. Oleson, E.E.O.C., Washington, D.C., for plaintiff E.E.O.C.

SMALKIN, District Judge.

This was among the cases assigned to me when I joined this Court on December 2, 1986. I have now had a full opportunity to review the pending discovery matter briefed in papers 17, 22, and 23, *viz.*, defendant's motion to compel. No oral hearing is necessary. Local Rule 6, D. Md.

■ Upon consideration, the motion is *granted in part* and *denied in part,* as follows. First, with regard to the so-called "deliberative process" privilege, the claim of privilege is *overruled,* and defendant's motion to compel is *granted* with regard to documents listed in Appendix A to paper no. 28, the Court also holding that the documents listed therein are discoverable under Rule 26's relaxed notion of relevance, *i.e.,* as reasonably calculated to lead to the discovery of relevant evidence. This Court agrees generally with Judge Winner's views, as expressed in *EEOC v. Los Alamos Constructors, Inc.,* 382 F.Supp. 1373 (D.N.M.1974), that, when the Government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over, thus allowing the government to "play with defendant's hole card upturned and its hole card down under any claim of governmental or executive privilege...." *Id.* at 1383. It may be that, in many cases, this Court would be inclined to sustain claims of executive privilege that would reveal the deliberative processes of governmental officials, especially when the government was not the plaintiff or even a party to the litigation, or where the deliberating officials are not those of an agency much of whose business consists of litigating as a plaintiff, or, in the case of such an agency, if the materials sought were not case-specific. In this case, though, there is every reason for the balancing test associated with the qualified privilege at issue to come out in favor of discovery and against privilege.

As to the "informer's privilege," the obvious sensitivity of the matter is not lost on this Court. Even Judge Winner, in *Los Alamos Constructors*, took some steps to protect informers' identity, by simply having them listed generally as persons having knowledge of relevant facts, without designation of their informer status, as such. *Id.* at 1384–86. This much, plaintiff must also do in this case, in answer to defendant's interrogatories 1 and 3. The Court will not, however, require production of the documents listed on Appendix B to paper no. 22, for to do so would clearly disclose the identity of informers without any clear need to do so at this time. At the time of the pre-trial order, however, plaintiff will be required to list separately any person whom it intends to call at trial as a witness and who acted as an informant, and shall also, at that time, furnish defendant with any documents, as listed in Appendix B arising out of that witness' informant role. Thus, the defendant's motion to compel is *granted in part* and *denied in part* as to the claim of informer's privilege, according to the aforegoing discussion.

With regard to claims of work product privilege, the claim is *sustained* as to items 1–21 listed on pages 1 and 2 of Appendix C to paper no. 22, but *overruled* as to the remaining items listed on pp. 3–14 of that Appendix, as insufficiently documented to establish the work product privilege. Therefore, defendant's motion to compel is *granted in part* and *denied in part* as to the claim of work product privilege.

All documents and interrogatory answers required to be furnished defendant hereunder must be produced within 30 days hereof. Because I find plaintiff's opposition, though unconvincing in large measure, to have been substantially justified, each side will bear its own costs with regard to the motion to compel. This order is final in the premises, and it will not be subject to rebriefing or reargument.

Finally, the scheduling order originally entered in this case has obviously become obsolete. Therefore, the following schedule will govern:

Discovery completion (bilateral) . . . . . . . .June 19, 1987
Motions for summary judgment due . . . . . .July 31, 1987
Pre–Trial Conference . . . . . . . . . . . . . . . . . .Sept. 9, 1987 at 9:00 a.m.
Pre–Trial Order due in accordance with Local Rule 35, D. Md.
Trial to be set at Pre–Trial Conference

---

### ON MOTION TO MODIFY

Having considered the motion of the plaintiff to modify my order of January 22, 1987, the Court, although it expressed its unwillingness to revise that order, nonetheless feels that a narrow revision is necessary in order to protect other respondents' names from disclosure. *See* 42 U.S.C. § 2000e–5(b). Therefore, the plaintiff may redact the material submitted to me *in camera* in the fashion requested, so as to omit the names of other respondents.

The material submitted *in camera* is being returned to counsel for EEOC together with their copy of this letter.

The plaintiff's motion to revise the scheduling order is *denied*. The lengthy administrative proceedings leading up to the filing of this lawsuit should have given ample opportunity for the performance of statistical analyses and other preparatory measures, and the Court will not give the plaintiff another year within which to prepare for trial.