**SHARON LEASE OIL CO., et al., Plaintiffs,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, et al., Defendants.**

Misc. No. 88–0047.

United States District Court, District of Columbia.

March 29, 1988.

John Payton, David P. Donovan, Wilmer, Cutler & Pickering, Washington, D.C., William B. Dawson, Rebecca P. Adams, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., Jerry D. Courtney, Lowe, Courtney & Shelton, Clarendon, Tex., James L. Trump, Philip R. Ehrenkranz, Squire, Sanders & Dempsey, Washington, D.C., for Sharon Lease Oil Co., Caprock Engineers, Inc., Judy Oil Co., Panstar Oil & Gas, Inc. and Walker Operating Co.

Ellen K. Schall, Roger Morie, Kim Bruno, F.E.R.C., Washington, D.C., for defendants.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This case is before the Court on several motions. The first is a petition for removal from the Superior Court of the District of Columbia. The Federal Energy Regulatory Commission ("FERC"), on behalf of its employee, Howard Kilchrist ("Kilchrist"), Director, Division of Producer Regulation, Office of Pipeline and Producer Regulation, petitions for removal pursuant to 28 U.S.C. §§ 1441 and 1442. Second, FERC moves to quash a subpoena *duces tecum* issued by the Superior Court and for a protective order. Third, Sharon Lease Oil Co., Caprock Engineers, Inc., Judy Oil Co., Pans-

tar Oil & Gas, Inc., and Walker Operating Co. (the "Oil Operators") move to dismiss FERC as a party. The Oil Operators filed an action in the Superior Court of the District of Columbia requesting that a subpoena be issued to Kilchrist to appear for a deposition in connection with an action pending in Harris County, Texas, and styled *Dorchester Master Limited Partnership v. Cabot Pipeline Corp.*, C.A. No. 83–73136. For the reasons set forth below, the Court concludes that 1) the petition for removal is proper and should be granted; 2) the motion to quash should be granted and a protective order entered; and 3) the motion to dismiss FERC as a party should be denied.

## BACKGROUND

In the Texas action, Dorchester sued the Oil Operators and others claiming that they converted gas which belongs to Dorchester. The Oil Operators counterclaimed asserting, among other things, that Dorchester and Northern Natural Gas Co. ("Northern") unlawfully conspired and combined to restrain trade in violation of the antitrust laws. Dorchester and Northern rely on the *Noerr–Pennington* doctrine for antitrust immunity as a defense to the counterclaim.

The Oil Operators seek the deposition testimony of Kilchrist and certain FERC documents. By obtaining the testimony of Kilchrist and the documents the Oil Operators hope to prove that the *Noerr–Pennington* doctrine is not available to Dorchester and Northern.

## DISCUSSION

■ The Oil Operators move to dismiss FERC because it is not a defendant and was not named as a witness in the subpoena in question; therefore, it is argued, it does not have standing to remove the action. It is not contested that the proposed deposition of Kilchrist would concern actions taken by Kilchrist only in his official capacity. There has been no allegation that Kilchrist has exceeded his statutory or constitutional authority. The background facts set forth above demonstrate that the subpoena is intended to discover informa-

tion and documents under the control of FERC. The subpoena is directed to Kilchrist in his capacity as a FERC employee. The Oil Operators plan to question Kilchrist about his actions as a FERC employee. They have directed Kilchrist to produce FERC documents. They seek information that Kilchrist gained through his activities at FERC. There is no doubt that Kilchrist is sought in his official capacity. As such, the subpoena issued against Kilchrist, a FERC representative being called upon to produce documents and to testify, can be equated with a subpoena against FERC. *See State of Washington v. Western Processing Co., Inc.,* No. C82–1315R (W.D.Wash.1983) slip op. at 5. Accordingly, FERC has independent authority to remove this matter under 28 U.S.C. § 1442(a)(1)[1] and, as such, is a proper party.

FERC moves to quash the subpoena on several grounds. First, under the doctrine of sovereign immunity, FERC argues that it and its employees should not be subject to a subpoena issued in an action in a state court to which it or its employee is not a party. Second, given Kilchrist's status as a senior FERC official and the other avenues available for the Oil Operators to obtain the information they seek, the discovery sought from Kilchrist is unduly burdensome. This is true notwithstanding the allegations of impropriety raised by the Oil Operators. Third, requiring Kilchrist to testify would interfere with his ability to advise FERC in the presently pending related matter of *In the Matter of Stowers Oil & Gas Co., et al.* Fourth, most of the discovery sought from Kilchrist is shielded from disclosure by the deliberative process privilege.

■ The United States and its agencies are immune from suit absent an express waiver of sovereign immunity. *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983); "A state court may entertain an action against an officer of the federal government only if

the United States has waived its immunity by consenting to suit or if the officer has exceeded his statutory or constitutional authority." *Aminoil U.S.A. Inc. v. California State Water Resources Control Board,* 674 F.2d 1227, 1233 (9th Cir.1982) citing *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). It is not disputed that there has not been an express waiver of immunity in this case.

The inquiry the Court must then make is whether sovereign immunity precludes the subpoena of Kilchrist. The Supreme Court has held: "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1052, 10 L.Ed.2d 191 (1963). Furthermore, this Court is instructed by the Court of Appeals for the District of Columbia Circuit that "[i]f 'the essential nature and effect of the proceeding may be such as to make plain that the judgment sought would ... interfere with the public administration,' the suit is one against the sovereign." *Kennedy v. Rabinowitz,* 318 F.2d 181, 183 (D.C.Cir.1963) quoting *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 2d 1209 (1947).

The Oil Operators asked the Superior Court of the District of Columbia to subpoena a federal official. That subpoena will operate against FERC in that Kilchrist will be compelled to appear for a deposition in his official capacity, testify about FERC matters obtained by Kilchrist while acting as a FERC employee, and produce FERC documents. No argument has been made that Kilchrist is being sought to testify as to personal matters or to produce personal notes or documents. On this basis, the Court concludes that the subpoena in question will, indeed, operate against the sovereign.

■ Moreover, the essential nature and effect of the subpoena will interfere with the public administration. "If [agency] employees were routinely permitted to testify

---

1. That section provides in relevant part: A civil action or criminal prosecution commenced in a State court against any of the following persons

may be removed by them to the district court of the United States ... (1) Any officer of the United States or any agency thereof....

in private suits, significant loss of manpower hours would predictably result.... The doctrine of sovereign immunity confers such 'protection from direct judicial interference.'" *Reynolds Metals Co. v. Crowther*, 572 F.Supp. 288, 290 (D.C.Mass. 1982), quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949). *See also Environmental Enterprises, Inc. v. EPA*, Civ. No. 87–2289 (D.D.C. 1987) (Sporkin, J.) (officials might find themselves spending all of their time doing nothing but complying with state court orders and thus have little opportunity to pursue important governmental responsibilities). In *Alex v. Jasper Wyman & Son*, 115 F.R.D. 156 (D.Me.1986), the court stated that when a nonparty government agency is served with a subpoena, the court should balance the interest of the party seeking disclosure and the legitimate demands of proper judicial administration against the public interest favoring the conservation of government resources and the protection of orderly governmental operations. *Id.*, at 158–59.

In light of the interests at stake in this case, the balance weighs in favor of the public. While it may be only a single official the Oil Operators seek to depose, FERC has come forward with evidence which would indicate that his absence for even a short time from his duties would be disruptive. He would be kept from his duties at FERC, where it is indicated he is consulted on an hourly basis due to the high level managerial nature of his job. There is also a possibility that his function as an adviser to the FERC in the *Stowers* proceeding might be compromised.

On the other hand, the Oil Operators have contended that the testimony of Kilchrist is necessary but have not come forward with any evidence which would demonstrate compelling need. Several of the others present at a meeting about which the Oil Operators wish to question Kilchrist have already been deposed. Others remain available for deposition. There is no reason to believe that the recollection of Kilchrist as to what transpired at that meeting, which took place years ago, will be any

more complete than the others who have already been questioned. The mere supposition that Kilchrist may be helpful to the Oil Operators in the Texas action is not sufficient to outweigh the public interest involved. Also, the Oil Operators have available the Freedom of Information Act under which they have filed a request for documents but have not exhausted their administrative or judicial remedies. The Oil Operators argue that "it is very unusual for a trial court to prohibit the taking of a deposition altogether, and absent extraordinary circumstances, such an order would likely be error...." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979). Such holding, however, did not implicate the important policy considerations involved when the government is the nonparty witness sought to be deposed. *See also Giza v. HEW*, 628 F.2d 748 (1st. Cir.1980) (federal court lacks jurisdiction to require federal official to testify in purely private litigation).

The cases cited by the Oil Operators in opposition to the motion to quash are not to the contrary. In *United States v. McLeod*, 385 F.2d 734 (5th Cir.1967) the court enjoined a state grand jury proceeding that attempted to investigate the operation of a federal agency and stated that "merely calling employees of the federal government before the grand jury would have the proscribed disruptive effect on the administration of a federal agency." *Id.*, at 752. Similarly in *Nationwide Investors v. Miller*, 793 F.2d 1044 (9th Cir.1986) the court found that there had been no waiver of sovereign immunity by the United States; thus, there was no state court jurisdiction over the plaintiff's action. "Since the state court, and therefore the district court on removal, lacked jurisdiction over the action against the federal officer, the district court properly dismissed the ... action." *Id.*, at 1048.

*United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), and its progeny are also distinguishable. In *Touhy* and other cases deciding the validity of agency regulations promulgated under 5 U.S.C. § 301 the government

 

was a party. The Court there did not address the limits of sovereign immunity where the government is not a party. Here, FERC is not a party to the underlying litigation. Thus, *Touhy* does not control. Similarly, *Appeal of Sun Pipe Line Co.*, 831 F.2d 22 (1st Cir.1987), relied on by the Oil Operators, expressly held that its scope of review extended only to the appropriateness of the district court's denial of a motion for reconsideration of its decision and not to the fundamental correctness of the underlying judgment. The Oil Operators' reliance on *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), is also misplaced as this case does not present a question of executive privilege.

In conclusion, the subpoena at issue must be quashed because the state court had no jurisdiction to compel a nonparty federal official to testify or produce documents absent a waiver of sovereign immunity. Accordingly, the Court need not reach the other ground for quashing the subpoena raised by FERC. An Order consistent with this Memorandum Opinion shall issue.

## ORDER

Upon consideration of the petition of FERC to remove this case from the Superior Court of the District of Columbia, the motion of the Oil Operators to dismiss FERC as a party, and the motion of FERC to quash the subpoena issued by the Superior Court and for a protective order, supporting and opposing memoranda, and for the reasons stated in the accompanying Memorandum Opinion, it is this 28th day of March, 1988,

ORDERED that the petition for removal be, and hereby is, granted; it is further

ORDERED that the motion to dismiss FERC as a party be, and hereby is, denied; it is further

ORDERED that the motion to quash the subpoena be, and hereby is, granted; and it is further

ORDERED that a protective order be, and hereby is, entered.