ORANGE ENVIRONMENT, INC., Arthur E. Soons and Sandra Soons, Plaintiffs,

v.

COUNTY OF ORANGE, et al., Defendants.

No. 91 Civ. 8688 (GLG).

United States District Court, S.D. New York.

Oct. 20, 1992.

Michael Sussman, Goshen, NY, Smith, Buss & Jacobs, Yonkers, NY, for plaintiff Orange Environment, Inc.; Elizabeth Barbanes, of counsel.

Jeffrey P. Soons, Charlottesville, VA, for plaintiffs Arthur and Sandra Soons.

John Jay Legal Services, Inc., White Plains, NY, for plaintiff-intervenor Hudson Riverkeepers; Robert F. Kennedy, Jr., of counsel.

Nixon, Hargrave, Devans & Doyle, Rochester, NY, for defendant Orange County; Michael R. Wolford, of counsel.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. by Claude M. Millman, Paul K. Milmed, Asst. U.S. Attys., Vicki A. O'Meara, Acting Asst. Atty. Gen., Rebecca A. Lloyd, Trial Atty., Environmental and Natural Resources Div., U.S. Dept. of Justice, Janice Whitney, Asst. Regional Counsel, EPA Region II, New York City, for E.P.A.

## MEMORANDUM DECISION

GOETTEL, District Judge.

### I. FACTUAL BACKGROUND

In October 1991, plaintiff Orange Environment, Inc. ("OEI"), a non-profit group interested in local environmental issues in Orange County, gave defendant County of Orange and the Environmental Protection Agency ("EPA") a pre-suit notice of intent to sue pursuant to 33 U.S.C. § 1365(b) of Clean Water Act ("CWA"). OEI alleged that the County was dumping material into federal waters and wetlands without a permit during its construction of an expansion to its Goshen landfill.

EPA conducted a site visit in December 1991, two weeks before plaintiff filed its complaint. At oral argument, plaintiffs contend that Mr. Del Vicario was one of the EPA employees to visit the landfill during the agency's investigation. In January 1992, the County hired a wetlands consultant. In February, EPA notified the County that it was investigating possible unpermitted wetlands filling at the landfill expansion.

Shortly thereafter, the County and the EPA began negotiating a Consent Order. Discussions were held in New York regarding the forthcoming order at which the EPA was represented by Mr. Del Vicario. The County signed a Consent Order in July 1992. The following day plaintiff filed a motion for a preliminary injunction in this court. Decision on that motion was reserved pending an evidentiary hearing at which time the preliminary injunction motion will be consolidated with a decision on a permanent injunction.

As part of plaintiffs' pre-trial discovery, a deposition subpoena dated September 3, 1992 was served by the attorney for OEI on Mr. Del Vicario of the EPA in his official capacity as Chief of the Marine and Wetlands Protection Branch of EPA Region II. Discussions ensued between the attorney for OEI and the EPA but no agreement was reached concerning Mr. Del Vicario's testimony. As a result, the EPA moved to quash the subpoena.

EPA regulations authorize EPA officials to testify only where "compliance with the request would clearly be in interests of EPA." 40 C.F.R. § 2.402. The stated purpose of this regulation is:

> to ensure that employees' official time is used only for official purposes, to maintain the impartiality of EPA among private litigants, to ensure that public funds are not used for private purposes and to establish procedures for approving testimony or production of documents when clearly in the interests of EPA.

40 C.F.R. § 2.401(c).

In rejecting plaintiff's request that Mr. Del Vicario testify, the Regional Counsel, in a letter dated September 22, 1992, concluded that his testimony "would not 'clearly be in the interests of EPA.' " Declaration of Claude Millman, Exhibit F. In his letter dated September 22, 1992, the Regional Counsel cited the cumulative effect of providing witnesses for private suits in which the EPA was not a party "would be very serious." The EPA's letter went on to say that plaintiff was free to submit a written request for documents in accordance with the Freedom of Information Act pursuant to subparts A and B of 40 C.F.R. Part 2.

## II. DISCUSSION

■ The primary issue raised concerns the authority of the district court to review EPA's decision to withhold testimony of an EPA official. The government's position on this motion is relatively straightforward. In their view, the Supreme Court in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), held that the judiciary may not compel a subordinate official to testify when the agency superior has declined to authorize the testimony.

To be precise, the Court in *Touhy* held that a Justice Department official could not be held in contempt of court for refusing to produce documents in his possession in response to a subpoena *duces tecum* when that refusal was pursuant to a department rule issued by the Attorney General. The Court ruled that the department order was valid and the subordinate's refusal was therefore proper. *Id.* at 468, 71 S.Ct. at 419. In short, a superior government official "can validly withdraw from his subordinates the power to release department documents." *Id.* at 467, 71 S.Ct. at 419.

The Court's holding did not sweep so broadly as to allow agencies to refuse, *carte blanche*, to submit evidence to a court. Indeed, the Court's decision, like the underlying case it found controlling, *Boske v. Commissioner*, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846, was a "very narrow ruling." *Id.* at 472, 20 S.Ct. at 421 (Frankfurter, J. concurring). As Justice Frankfurter cautioned, "whether, when and how the Attorney General himself can be granted an immunity from the duty to disclose information contained in documents within his possession that are relevant to a judicial proceeding are matters not here for adjudication." *Id. Touhy*'s holding "cannot afford a basis for a future suggestion that the Attorney General can forbid every subordinate who is capable of being served by process from producing relevant documents and later contest a requirement upon him to produce on the ground that procedurally he cannot be reached." *Id.* However, this is not the present case.

The government argues that this case falls squarely within *Touhy*'s reach because, like *Touhy*, plaintiff seeks to compel discovery from a subordinate agency official without the presence of the superior official before the court. *Touhy* left open the possibility of bringing the superior official before the court to compel production of government documents. Its holding did not shield that superior from the legal process. However, the EPA stresses that the

court should not review the decision by the Regional Counsel who is not currently before the court. In their view, the court's determination is confined to the issue of whether Mr. Del Vicario can be held in contempt for declining to testify.

As the EPA correctly points out, plaintiff in its subpoena seeks several different types of information. First, OEI seeks to compel production of the EPA's information on the landfill's condition at the point in time when the County was first informed of its environmental problems. Plaintiff also wishes to discover the facts underlying EPA's conclusions the restoration of the wetlands underneath the landfill was infeasible and restoration of other sites offered equivalent environmental benefits.

Secondly, plaintiff seeks to compel Mr. Del Vicario to testify concerning EPA's negotiations with Dr. Huffman, the County environmental expert, which led up to the signing of the Consent Order. It is plaintiff's contention that the County made representations to the EPA which differ from its position in this litigation. At oral argument, the government stressed as a key factor the availability of this information from other sources, namely deposing the County's representatives to those negotiations. Additionally, the government argues, plaintiff should not be allowed to skirt the existing Administrative Procedures Act process for bringing suit against the agency directly.

Lastly, plaintiff apparently seeks to discover the reasons why the EPA chose in its Consent Order with the County to allow the landfill to resume operations using its expansions while instituting a 2:1 restoration program for off-site wetlands. This last aspect of plaintiff's subpoena strikes closer to the discovery of the EPA's decisionmaking process and deliberations leading up to the Consent Order.

Since OEI has failed to bring suit against either the EPA or the Regional Counsel who refused to make Mr. Del Vicario available to testify, we find this situation analogous to *Touhy*. The only EPA official before the court is Mr. Del Vicario, the subordinate who visited the landfill and participated in the discussions with Orange County. Since the Supreme Court's holding in *Touhy* remains good law, we are constrained to hold that plaintiff cannot by this motion challenge the decision by the EPA's Regional Counsel to withhold permission for a subordinate to testify.

It is plaintiff's position that *Touhy*'s progeny pushed beyond its limited holding and should not be followed. Both parties discuss at some length *Davis Enterprises v. U.S.E.P.A.*, 877 F.2d 1181 (3rd Cir.1989), *cert. denied*, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990). In *Davis*, the court applied *Touhy* to a request to the EPA to permit an employee who had performed air monitoring tests to testify regarding the validity of the test results. The EPA refused. The court, applying the arbitrary and capricious standard codified in 5 U.S.C. § 706(2)(A), upheld the EPA's decision as conforming to the agency's criteria in 40 C.F.R. § 2.401(c). *See id.* at 1186.

In so holding, the court stated that "it was important to note that EPA has not withheld relevant information as to the test results. The parties were given the information in written form and the EPA agreed to provide [the employee]'s testimony in the form of an affidavit." *Id.* at 1187. The court went on to note that the defendants in the underlying action sought the EPA's reports and testimony for strategic reasons. It concluded that compelling the EPA employee to testify might reasonably create the appearance of taking sides. *See id.*

The court in *Davis* focused its discussion on the application of the arbitrary and capricious standard to the EPA's refusal to permit its employee to testify in private litigation. Were the posture of the present case similar to *Davis*, we might also apply the arbitrary and capricious standard and reach a different holding. However, after the EPA's denial of permission to depose an agency employee, unlike the plaintiffs in *Davis*, *see id.* at 1183, OEI has not filed suit against either the EPA or its Regional Counsel. Plaintiff's failure to do so places this case within the admittedly narrow con-

fines of *Touhy*. Like the Court in *Touhy*, we do not rule on the ultimate question of whether the EPA's Regional Counsel could properly forbid Mr. Del Vicario from testifying.

■ As a secondary matter, we reject the government's argument that the doctrine of sovereign immunity shields the EPA from subpoenas issued by federal courts. The Supreme Court in *Touhy* held no such thing. Indeed, by its very limited holding, the majority recognized implicitly, and Justice Frankfurter in his concurrence stated explicitly, that under the proper circumstances a court could compel a federal official to produce evidence.

It may be that absent a waiver of sovereign immunity, a state court lacks the authority to compel a non-party federal official to testify in his official capacity or produce documents. *See Sharon Lease Oil Co. v. F.E.R.C.*, 691 F.Supp. 381, 385 (D.D.C.1988). Yet, this is not the present case. After distinguishing *Touhy*, the court in *Sharon Oil* went on to weigh the balance of interests between the party seeking disclosure and the interests of the government in protecting its operations and conserving of its resources. *See id.* at 384. Despite plaintiff's urging, we do not reach this level of analysis given our conclusion that *Touhy* controls the present case. However, we expressly do not hold that the EPA's decision is point blank unreviewable by a federal court.

■ Plaintiff also argues that Rule 30(b)(6) of the Federal Rules of Civil Procedure governs this matter. Rule 30(b)(6) states that "[a] party may in the party's notice and in a subpoena name as the deponent a ... governmental agency and describe with reasonable particularity the matters on which examination is requested." Upon such notice, the non-party agency is required to designate the officials and the matters on which they will testify. Under Fed.Civ.P.R. 26(b)(1), plaintiffs argue that they are entitled to discover from the EPA any relevant, non-privileged information which relates to their case against the County.

Perhaps plaintiff is entitled under Rule 30(b)(6) to compel the EPA to produce an employee competent to testify on the data collected at the landfill and the information underlying its feasibility assessments. To do so, however, plaintiff must follow the procedures as they are spelled out in the Federal Rules. Here, the subpoena was served on Mario Del Vicario in his official capacity, not on the EPA itself as Rule 30(b)(6) requires. Unfortunately, this is a case where form is elevated over substance. However, it is not the court's function to rewrite the Federal Rules of Civil Procedure where plaintiff's subpoena does not conform to them.

The following procedures perhaps would have been the proper course of action for plaintiff. Under Rule 30(b)(6), the subpoena would name the EPA itself as the deponent and provided a reasonably particular list of the information sought. Plaintiff would then wait for the agency to designate which, if any, officials it would make available to provide the requested information.

If the EPA declined to offer any testimony, a likely scenario given its position on this motion, plaintiff could file suit against the EPA and the official rendering its decision (most likely the Regional Counsel) claiming that the refusal to produce the requested information was in violation of a proper Rule 30(b)(6) subpoena or alternatively, was arbitrary, capricious, or an abuse of discretion. This process, admittedly more cumbersome and time-consuming than subpoenaing the EPA official directly, might have avoided the procedural obstacles created by *Touhy* and Rule 30 facing plaintiff on this motion.

In conclusion, we grant the government's motion to quash without reaching the issues of whether the EPA's decision to prohibit Mr. Del Vicario from being deposed was arbitrary, capricious, or an abuse of discretion under 5 U.S.C. § 706(2)(A) or whether the information sought by plaintiff is protected from discovery as within the agency's "deliberative process" privilege.

SO ORDERED.