**In re G. WARE TRAVELSTEAD, Debtor.**

**Bankruptcy No. 96–5–4979–SD.**

United States Bankruptcy Court,
D. Maryland,
at Baltimore.

Sept. 3, 1997.

Benjamin Rosenberg, Rosenberg Proutt Funk & Greenberg, L.L.P., Baltimore, MD, for Creditors' Committee.

Tamera L. Fine, Assistant United States Attorney, Baltimore, MD, for U.S. Trustee's Office.

### MEMORANDUM OPINION GRANTING, IN PART, DEBTOR'S MOTION TO COMPEL [CORRECTED]

E. STEPHEN DERBY, Bankruptcy Judge.

I.

This matter comes before the Court on Debtor's Emergency Motion to Compel Deposition Testimony of the Assistant U.S. Trustee. The Debtor seeks to take the deposition of the Assistant U.S. Trustee in connection with a contested matter commenced by the U.S. Trustee's motion to convert this Chapter 11 case to Chapter 7, or, alternatively, to appoint a Chapter 11 trustee.

The court previously denied the U.S. Trustee's motion for a protective order with respect to the noticed deposition of Karen H. Moore, without prejudice. Ms. Moore is the Assistant U.S. Trustee for the District of Maryland, Baltimore Division. In making its ruling, the court concluded that it was premature for the court to grant the protective order before any specific questions were asked. Thereafter, Debtor convened Ms. Moore's deposition. At her deposition, Ms. Moore refused to answer all questions on the bases that her testimony was not authorized and that all information she possessed was privileged.

In addition to serving as Assistant U.S. Trustee, Karen H. Moore is also an attorney. The movant for the underlying motion to convert or appoint a trustee is identified as "the U.S. Trustee for the District of Maryland". The signature line on the motion is: W. Clarkson McDow, Jr., U.S. Trustee, Region Four, by Karen H. Moore, Assistant U.S. Trustee. The only original signature is that of Ms. Moore. Ms. Moore represents

Kenneth Oestreicher, Whiteford, Taylor & Preston, L.L.P., Baltimore, MD, for Debtor.

that she is counsel for the U.S. Trustee, Region Four, in this contested matter, and the court accepts this representation. She is also, however, the Assistant U.S. Trustee and the representative of the U.S. Trustee in this court. Therefore, she is appearing here in two official capacities. Debtor's deposition notice is for Karen H. Moore. It does not specify in what capacity she is to be deposed.

The U.S. Trustee takes the position that all information in Ms. Moore's possession constitutes fact or opinion attorney work product, and it is thereby privileged. *See* FRE 501. Based on this analysis, the responsible official in the U.S. Trustee's Office has determined, pursuant to 28 C.F.R. §§ 16.23 through 16.27, not to authorize Ms. Moore to give deposition testimony.

■ For the reasons explained in this opinion, the court concludes that while some of the requested testimony may be privileged, not all of it would require the Assistant U.S. Trustee to reveal attorney work product. The U.S. Trustee may not evade discovery of nonprivileged facts based on an agency decision not to authorize deposition testimony where the U.S. Trustee is a party. Therefore, the court will direct Karen H. Moore, Assistant U.S. Trustee, either to answer questions or to assert a privilege in the manner prescribed by Federal Rules of Civil Procedure 26(b)(5), made applicable by Bankruptcy Rule 7026, and by Discovery Guideline 6. Local Bankr.Rules, Apdx B (1997).

## A. Privilege Analysis

■ The U.S. Trustee has asserted that all the facts known by the Assistant U.S. Trustee are protected by the attorney client and attorney work product privileges because Karen H. Moore is the attorney for the U.S. Trustee. Ms. Moore appears here both as attorney and as the Assistant U.S. Trustee. Communications to Ms. Moore, or by her, while she was carrying out her administrative duties as Assistant United States Trustee may or may not be covered by the attorney client privilege. The privilege would only apply to communications (1) made after the U.S. Trustee, Region Four, had become a client in this matter, (2) made to

her by her client or by her to her client while she was acting in the capacity of lawyer, without the presence of strangers, and (3) made primarily for the purpose of securing or giving legal advice or services. *See In re Allen*, 106 F.3d 582, 600 (4th Cir.1997). For this reason, the court cannot conclude that any question the Debtor could ask would be protected by this privilege. Therefore, the U.S. Trustee's Office cannot rely on the attorney client privilege to support its decision not to authorize Ms. Moore to answer any questions at the deposition noticed by the Debtor.

■ The principal contention at issue concerns the scope of the attorney work product privilege. This privilege extends both to fact work product and to opinion work product. *Id.* at 607; *National Union Fire Insur. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983–984 (4th Cir.1992). Opinion work product is material that contains mental impressions, opinions or legal theories concerning the case. *In re Allen*, 106 F.3d at 607. Such material is virtually immune to discovery and may only be obtained in extraordinary circumstances. *In re Grand Jury Proceedings, Thursday Special Grand Jury*, 33 F.3d 342, 348 (4th Cir.1994).

■ Fact work product is material that does not contain the attorney's mental impressions, but rather contains factual information that the attorney has compiled for the client. *National Union Fire Insur.*, 967 F.2d at 984. In order for the material to qualify under either category, it must have been prepared by the attorney in anticipation of litigation. Documents and facts that an attorney obtains from witnesses are not protected by these privileges. It is only the materials prepared by the attorney that are protected. *Id.* at 984 n. 5.

The U.S. Trustee relies on *In re Allen*, but this reliance is misplaced. *Allen* involved the assertion of the attorney client and opinion work product privileges, but it did not involve assertion of the fact work product privilege. While the U.S. Trustee is correct that fact work product is protected as set forth in F.R.C.P. 26(b)(3), the discussion in *Allen* of

fact work product is dicta and does not define the scope of the privilege for this type of work product.

■ The Debtor has explained that one of his goals for the deposition is to determine the source of documents that the U.S. Trustee, Region Four, has obtained or intends to use at the hearing on his motion to convert or to appoint a Chapter 11 trustee. P. 432 at 9–10. The Debtor could ask the Assistant U.S. Trustee, for example, questions concerning the sources of such documents and facts contained in third party documents without requiring Ms. Moore, as attorney for the U.S. Trustee, to reveal materials that constitute her work product. Such an inquiry would not relate to any summaries or memoranda that Ms. Moore, as counsel, or her staff, at her direction, have prepared concerning these documents in anticipation of litigation. Similarly, the Debtor should be entitled to ask questions concerning the source of any other factual information that Ms. Moore or her staff have uncovered in the course of their investigation. *National Union Fire Insur.*, 967 F.2d at 984 n. 5. These questions would not involve the work product privilege, so the Debtor would not be required to make a showing of need. Consequently, the court rejects the U.S. Trustee's contention that the deposition should not occur because there are no questions the Debtor could ask that would not be privileged. Normal privilege analysis simply does not provide a reason why the Debtor's questions should not be answered, unless a discrete objection of privilege is articulated and justified.

Some courts have been reluctant to allow a private party to depose another party's attorney, absent a showing of substantial need, because such discovery would invite conflict, would unnecessarily slow down the trial process, and would increase the chance that the counsel to be deposed would be disqualified. *See, e.g., Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.*, 125 F.R.D. 578, 592–594 (N.D.N.Y.1989). The decision of the *Niagara* court recognized, however, that there was contrary authority in case law and by respected commentators. *See Cooper v. Welch Foods, Inc.*, 105 F.R.D.

4, 6 (W.D.N.Y.1984); 8 Wright, Miller & Marcus, *Federal Practice and Procedure* § 2026 (1994). Federal Rule of Civil Procedure 30(a) sets forth certain limitations on depositions, and there is no restriction on deposing attorneys. Rather, the Federal Rules of Civil Procedure and the Discovery Guidelines adopted by this court provide specific procedures for the assertion of privilege. FRCP 26(b)(5); Local Bankr.Rules, Apdx B, Guideline 6 (1997). The U.S. Trustee has not cited any binding case authority which would suggest that an attorney may not be deposed without a showing of substantial need where, as here, the attorney serves in the dual capacity of counsel and of client as the Assistant U.S. Trustee.

■ A principal concern of the U.S. Trustee appears to be that Ms. Moore may be disqualified if her deposition testimony is used as evidence in the hearing on the motion to convert. This concern is one of the U.S. Trustee's own making when Ms. Moore elected to appear in this contested matter both as the authorized representative of the U.S. Trustee, Region Four, and as counsel. For Ms. Moore's work as counsel, the U.S. Trustee may assert attorney client and attorney work product privileges; but as to her official actions and functions as Assistant U.S. Trustee, she does not have a cognizable claim of attorney privilege.

Debtor may be unsatisfied if Ms. Moore asserts an attorney privilege in response to a discrete question, but Debtor has invited such claims by noticing her individual deposition rather than the deposition of the movant, the U.S. Trustee, Region Four. An answer to this conundrum appears to be available in the Federal Rules of Civil Procedure. Federal Rule 30(b)(6) provides a procedure where an entity to be deposed can be requested to designate one or more persons to testify on behalf of the entity. Under this procedure, the person or persons so designated would testify based on the knowledge of the entity. The designated person must make a good faith effort to prepare adequately to answer fully and unevasively the questions posed. *United States v. J.M. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.1996); *Securities and Exchange Commission v. Mor-*

**510**

*elli,* 143 F.R.D. 42, 45 (S.D.N.Y.1992). The subject deposition notice of Debtor did not attempt to notice the deposition of the U.S. Trustee, Region Four, but instead noticed the deposition of Karen H. Moore. The U.S. Trustee, Region Four, however, in response to a properly noticed deposition, could be required to designate a person or persons competent to testify on the requested matters as his representative. *See Orange Environment, Inc. v. County of Orange,* 145 F.R.D. 320, 324 (S.D.N.Y.1992) (In order to depose an entity by designated persons, the deposition of the entity must be noted and the other rules in FRCP 30(b)(6) followed.)

**B. The Housekeeping Regulations**

The U.S. Trustee acknowledges that had this case involved a private party, the appropriate result might be to require the noticed party to attend the deposition and to assert privilege to every question which he or she deemed to be privileged. In this matter, however, because a government entity is involved, the U.S. Trustee argues that he is required to follow certain Housekeeping Regulations of the U.S. Department of Justice adopted pursuant to 5 U.S.C. § 301 and that he may refuse to allow Ms. Moore to testify in his official discretion, under the authority of those regulations. 28 C.F.R. §§ 16.21–16.27 (1997).

While the validity of such housekeeping regulations has been previously approved by various courts, no court has held that a governmental agency is authorized to refuse to provide nonprivileged discovery where it is a party to the litigation. *See Boron Oil Co. v. Downie,* 873 F.2d 67 (4th Cir.1989); *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). For example, *Boron Oil Co.* arose from a state court tort action between private parties in which a federal employee was subpoenaed to testify. The subpoena proceedings were removed to federal court, but the jurisdiction of the court on removal was found to derive solely from the state court. *Boron Oil Co.,* 873 F.2d at 70. In this context, the court held the governmental privilege of immunity, i.e. sovereign immunity, had been properly invoked by the federal agency and that it was jurisdic-

tional. The subject contested matter is distinguishable because the U.S. Trustee, Region Four, is the party that initiated the matter in a federal bankruptcy court.

The public purposes for agency housekeeping regulations are that: (1) it is appropriate for high level agency employees to control decisions whether information or testimony will be provided; (2) an agency should not be required to expend its resources in connection with private litigation in which the agency is not a party and that does not promote the agency's public mandate; and (3) the sovereign immunity of the United States should be protected where it has not been waived. *Boron Oil Co.,* 873 F.2d at 69–71. These policy rationales are inapplicable here because it is the agency, namely, the U.S. Trustee, Region Four, that initiated this contested matter, and the discovery dispute arises within the contested matter.

The Debtor does not contend that the U.S. Trustee should not be able to control whether and when employees of his office will testify and whether the U.S. Trustee will assert a valid privilege. Instead, Debtor contends that where testimony is not privileged and the U.S. Trustee is a party, the U.S. Trustee is not entitled to refuse to provide discovery that would be available from a private party litigant.

 The U.S. Trustee at one point contends that he has not waived the agency's sovereign immunity "... with respect to the defendant's request for the appearance of the attorney for the United States Trustee and the wholesale production of her litigation files." P. 453 at 17 n. 5. It is unclear how the requiring Karen H. Moore, the Assistant U.S. Trustee, to attend a deposition and to either answer questions or to assert a privilege in the manner provided in the Federal Rules of Civil Procedure and the Local Discovery Guidelines would require the "wholesale production" of the Karen Moore's litigation files that were prepared in her capacity as attorney, but not in her capacity as Assistant U.S. Trustee. Further, while the United States may assert sovereign immunity as a defense to an attempt of a party in state court to compel it to produce certain information or to compel a federal employee to testi-

fy where the United States is not a party to the action, the same is not true where the United States initiates the proceeding as a movant. *See Boron Oil Co.,* 873 F.2d at 69–71. "... [W]hen the Government seeks affirmative relief, it is fundamentally unfair ..." to allow the Government to proceed with the action with the evidence that it has obtained, but to prevent the Debtor from obtaining any discovery concerning that information. *E.E.O.C. v. Citizens Bank and Trust Co. of Maryland,* 117 F.R.D. 366, 366 (D.Md.1987) (Smalkin, J.). Accord, *E.E.O.C. v. Los Alamos Constructors, Inc.,* 382 F.Supp. 1373, 1379–1383 (D.N.M.1974) (Winner, J.) (citing an unbroken line of cases for the proposition that the government may not withhold discoverable information when it is a party to the litigation).

 Ms. Moore may assert a legitimate privilege, but the regulations enacted by the U.S. Department of Justice do not authorize the U.S. Trustee to refuse to authorize deposition testimony that this federal court determines to be nonprivileged. *McElya v. Sterling Medical, Inc.,* 129 F.R.D. 510, 513–14 (W.D.Tenn.1990). The Housekeeping Regulations do not create a privilege for official information, but rather they authorize a senior agency official to determine whether an existing privilege will be claimed. *Id., quoting* 8 Wigmore on Evidence § 2378 (McNaughton rev.1951). If the U.S. Trustee wants to prosecute this motion to convert, he must comply with the procedural rules that apply to all parties. The U.S. Trustee has elected to pursue relief as a party to this contested matter, and he must bear the burdens of being a party.

Even if the U.S. Department of Justice could have enacted regulations that would shield the U.S. Trustee from responding to discovery requests in the way that private parties are required to respond, it did not do so. The U.S. Department of Justice's Housekeeping Regulations apply when the United States is a party, 28 C.F.R. § 16.21(a)(1), but there is nothing in the regulations that authorizes the U.S. Trustee to refuse to provide appropriate discovery. In deciding whether to authorize the requested disclosure, the U.S. Trustee was required to

consider whether it would be appropriate under the relevant rules of procedure and substantive law of privilege. 28 U.S.C. § 16.26(a). The court has rejected the U.S. Trustee's arguments that no deposition testimony would be appropriate under such rules and law, so there is no independent reason for the U.S. Trustee to continue to refuse to authorize Karen H. Moore to testify at her deposition, although she retains the right to make discrete assertions of privilege.

II.

For these reasons, the motion to compel will be granted to the extent that Karen H. Moore, Assistant U.S. Trustee, will be compelled to appear at a deposition noticed by Debtor in the instant contested matter to which the U.S. Trustee is a party, to answer proper questions, and to produce documents within the scope of civil discovery. If the U.S. Trustee, Region Four, asserts an attorney client or attorney work product privilege as to a request, he shall do so in accordance with Fed. Rule Civ. Pro. 26(b)(5) and Local Bankr.Rules, Apdx B, Guideline 6 (1997). Further, Debtor will be authorized to serve and notice discovery on the movant U.S. Trustee, Region Four, pursuant to Fed. Rule Civ. Pro. 30(b)(6), and the U.S. Trustee, Region Four, will be required to respond within the scope of the instant contested matter, unless an objection is made that is cognizable under the Federal Rules of Civil Procedure.