**FEDERAL DEPOSIT INSURANCE CORPORATION**

v.

**Athanasios HATZIYANNIS, et al.**

No. Civ. L–97–882.

United States District Court,
D. Maryland.

June 11, 1998.

Kathleen A. Carey, Karen J. Miller, and Jordan & Keys, L.L.P., of Washington, DC, for plaintiff.

David C. Perrin, of Greenbelt, MD, for defendants Athanasios Hatziyannis and Mary Alexandra Hatziyannis.

Geri Lyons Chase, of Greenbelt, MD, for Albert Ceccone.

Neil Jeffrey Bloom, of Towson, MD, for Toni M. Gower.

## MEMORANDUM

LEGG, District Judge.

The Court is in receipt of the FDIC's May 5 *in camera* submissions. Defendants seek to compel production of particular documents over which the FDIC claims protections including attorney client privilege, work product doctrine, and the deliberative process privilege.

I am satisfied that the FDIC entered into an attorney-client relationship with Jordan & Keys, LLP, with respect to the matters involved in this suit. The documents for which the FDIC asserts an attorney-client privilege protection consist of instructions from the FDIC to Jordan & Keys on the conduct of the foreclosure sale, demand letters to the defendants, tracing title defects, and other similar matters. Additionally, the FDIC has asserted an attorney-client privilege with respect to certain documents reflecting requests for legal opinions and responses from FDIC's own legal department. Having reviewed the documents, I therefore find documents nos. 32, 33, 34, 73, 78, and 86 [1] protected by the attorney-client privilege.

I am also satisfied that Jordan & Keys conducted its duties with respect to this estate in anticipation of foreclosure proceedings and possible deficiency judgment proceedings. The possible litigation component of such proceedings is clear. The documents for which the FDIC asserts an attorney work product doctrine protection consist, among others, of handwritten notes and the results of research by Jordan & Keys; the defendants can obtain the factual predicates underlying these documents from other sources. Accordingly, I find documents nos. 32, 33, 34, 48, and 73 protected by the attorney work product doctrine.

However, I do not find that the FDIC is entitled to claim a deliberative process privilege with respect to the disputed documents. The deliberative process privilege is limited in scope and aims "to encourage frank discussion of ideas and policies, thereby ensuring the quality of governmental decision making." *Mobil Oil Corp. v. Department of Energy*, 102 F.R.D. 1, 5 (N.D.N.Y.1983). Courts narrowly construe this privilege. *Id.* Moreover, the privilege is a qualified one and courts apply a balancing test in determining whether the material at issue merits protection, even if it otherwise falls within the scope of the privilege. The balancing test weighs the benefit of preserving the integrity of internal governmental deliberations against the need for free and open discovery. *See, e.g.,* 26A Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5690 (1992) (noting, for example, that courts have rejected the qualified deliberative process privilege when the government acts as plaintiff in a particular case).

In a case involving the EEOC, Judge Smalkin of this Court rejected a claim of deliberative process privilege and determined that "when the Government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over." *EEOC v. Citizens Bank & Trust Co.*, 117 F.R.D. 366, 366 (D.Md.1987). Judge Smalkin observed that the EEOC was "an agency much of whose business consists of litigating as a

---

1. Although the FDIC asserted a deliberative process privilege with respect to portions of documents nos. 78 and 86, the redacted portions relate the contents of a legal opinion obtained from outside counsel. To that extent, the redacted portions are protected by attorney-client privilege.

294

plaintiff" and the materials sought were "case-specific." *Id.*

In this case, the FDIC functions in its role as Receiver, a role in which it frequently finds itself as a plaintiff. The documents in dispute in this case are case-specific, and are of the nature that a non-governmental entity like a private bank would have to produce during discovery. Even if the documents otherwise meet the requirements of the privilege,[2] therefore, on balance this Court agrees that it would be "fundamentally unfair" to allow the FDIC to shield its reasoning behind this qualified privilege, particularly when the defendants have raised allegations of bad faith and unfair dealing, for which the government's own records of decision are likely to contain the best evidence. The interest of justice in full and open discovery of these matters, as well as the public interest in ensuring that the government functions properly and effectively, outweigh any governmental interest in this case in encouraging frank internal discussion. Accordingly, the Court finds that the deliberative process privilege does not protect the disputed documents. Accordingly, the Court shall, by separate Order, direct the FDIC to produce documents nos. 6, 77, and 116, for which the FDIC has asserted no other privilege.

2. While the documents do appear to constitute a predecisional part of a deliberative process by which a decision was formulated, *see Mobil Oil,* 102 F.R.D. at 5, no high agency official has invoked the privilege in this case or established consistent policies for its invocation, *see id.* Because this Court finds that equity dictates on balance that the FDIC produce the documents, it need not reach whether the FDIC properly invoked the privilege.